## JONES v JONES

Ohio Appeals, 4th Dist, Pickaway Co

Decided July 21, 1936

Adkins & Adkins, Circleville, for plaintiff.
Fred C. Rector, Columbus, and Richard Simpkins, Circleville, for defendant.

OPINION

By BLOSSER, J.

The petition does not contain the averment that the plaintiff was a resident of the State of Ohio for one year before filing the petition. When the plaintiff rested his case and at the close of all of the evidence the defendant asked for judgment on the ground that the petition was not sufficient in law. Both motions were overruled. This question was also raised by the motion of the defendant for a new trial and again decided adversely to the claim of the defendant. This is the first question urged in this proceeding.

Sec 11980 GC provides that the plaintiff in an action for divorce must have been a resident of the state at least one year before filing the petition. This is jurisdictional and must be averred in the petition. 14 Ohio Jur. 422, 425. The question can be raised at any time. Bozzelli v Industrial Commission, 122 Oh St 201; 31 Ohio Jur. 989, 990. This is the general rule. 3 Am. Jur. 77.

The evidence of the plaintiff disclosed that he was a resident of Pickaway County for the requisite time and the pleading could have been amended to conform to the evidence in the trial court but no application for leave to amend was made. The record discloses that the petition failed to allege a jurisdictional fact and therefore was demurrable, and it was the duty of the trial court to have sustained the defendant's motion for judgment made at the close of the plaintiff's evidence. The trial court erred in overruling the motions and in holding the petition sufficient.

It is urged that the judgment is not supported by the evidence and is contrary to the evidence and law. We have read all of the evidence in the record and it is not necessary to review it. Practically all of the evidence offered consisted of the testimony of the parties to the case. The testimony of the plaintiff himself made only a weak case in his behalf and the material parts of his testimony was not corroborated as required by §11988 GC.

It follows that the judgment of the trial court must be reversed and for the reason first stated a judgment entered in favor of the defendant.

Judgment reversed.

MIDDLETON, PJ, and McCURDY, J, concur.